IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK TROFHOLZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAPSTONE TECHNOLOGIES, LLC,<br><br>　　　　　　Defendant. | 8:24CV371<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Filing No. 35). Plaintiff, Kirk Trofholz, seeks leave to amend his complaint to add a defendant, Westin, Inc. ("Westin"), and to add claims for fraudulent misrepresentation as to Westin and the existing defendant, CapStone Technologies, LLC ("CapStone"). CapStone opposes the motion, arguing Trofholz has not shown good cause for the late amendments because the factual bases have long been known to him, but even if the motion is timely, the proposed amendments are futile. For the following reasons, the Court will grant the motion.

**BACKGROUND**

Trofholz commenced this action against CapStone on September 23, 2024, for violation of the Nebraska Wage Payment and Collection Act ("NWPCA") and breach of contract. (Filing No. 1 at pp. 3-4). Trofholz began his employment with CapStone on October 1, 2020, as Chief Executive Officer pursuant to an Executive Employment Agreement. (Filing No. 1 at p. 1; Filing No. 12 at p. 1). On December 31, 2023, Trofholz's employment was terminated. Pursuant to a separation agreement with CapStone, Trofholz was terminated "without cause" and he was to be paid severance equal to one year's salary in exchange for foregoing his earned bonus of at least $200,000. (Filing No. 1 at pp. 1-2; Filing No. 12 at pp. 1-2). CapStone has not paid any severance to Trofholz under the separation agreement. (Filing No. 1 at p. 2; Filing No. 12 at p. 2).

On December 18, 2024, the Court entered a Case Progression Order (Filing No. 16) establishing certain deadlines for the case in accordance with the parties' Rule 26(f) Report. (Filing No. 15). Specifically, the Court set the following deadlines: January 3, 2025, for the plaintiff move

to amend pleadings; January 10, 2025, to serve initial mandatory disclosures; May 30, 2025, to complete written discovery; and May 30, 2025, to complete depositions. (Filing No. 16). CapStone has not served any written discovery requests or taken any depositions. (Filing No. 37-1 at p. 1).

On May 28, 2025, Plaintiff took the depositions of Troy Power ("Power") and Scott Carlson ("Carlson"). (Filing No. 28; Filing No. 29). During Power's deposition, Trofholz asserts he learned for the first time of the involvement of Westin and its President and Director, Carlson, in the operation of CapStone's business. (Filing No. 36 at p. 1). Trofholz further asserts Power testified as to Westin's authority to make decisions on behalf of CapStone, including involvement in hiring Trofholz and negotiating his separation. (Filing No. 36 at p. 2). During Carlson's deposition on the same date, Trofholz attempted to ask Carlson questions about the relationship between Westin and CapStone, but CapStone's attorney objected and instructed Carlson not to answer. (Filing No. 37-1 at p. 2).

On May 30, 2025, the Court held a telephone conference with counsel for the parties regarding the status of the case and the possible discovery issue that arose out of Powers' and Carlson's depositions. The Court directed counsel to meet and confer and notify the Court if any outstanding issue remained by June 18, 2025. The Court also stayed the deadline to file motions for summary judgment, and scheduled a further telephone conference for June 25, 2025. (Filing No. 30).

During the telephone conference on June 25, 2025, by agreement of the parties, the Court gave Trofholz leave to reopen the deposition of Carlson on or before August 22, 2025. The summary judgment deadline remained stayed, and the Court scheduled a further telephone conference for August 14, 2025. (Filing No. 32). During the telephone conference on August 14, 2025, the Court discussed the permissible parameters of questioning during the reopened deposition of Carlson, scheduled for August 20, 2025, and other case progression matters. The Court also continued the stay of the summary judgment deadline, and ordered that "[t]he deadline for Plaintiff to file a motion for leave to amend his complaint is September 4, 2025." The Court also set a further telephone conference on October 22, 2025. (Filing No. 33).

Trofholz filed the instant motion for leave to amend on September 4, 2025. (Filing No. 35). Trofholz seeks to add Westin as a defendant as an "integrated enterprise" or "joint employer" with CapStone based upon information about their relationship Trofholz learned during Power's

2

and Carlson's depositions. Trofholz also seeks to add a cause of action for fraudulent misrepresentation. (Filing No. 35). CapStone opposes the motion, arguing it is untimely under the Case Progression Order and Trofholz has not demonstrated good cause for the untimely amendment. (Filing No. 39 at pp. 1-2). CapStone further opposes the motion for leave to amend on the grounds that the proposed amendments are futile. (Filing No. 39 at p. 18).

## ANALYSIS

Federal Rule of Civil Procedure 15 establishes that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). A party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotations and citations omitted). The Court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011).

Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). Good cause to amend a complaint after the deadline has passed "may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Id.* at 1100 (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). The district court also has "broad discretion in establishing and enforcing" scheduling orders. *Shipp v. Murphy*, 9 F.4th 694, 702 (8th Cir. 2021) (internal citations omitted).

I.   **Timeliness**

Both parties first address whether Trofholz has established good cause as required under Rule 16(b) when a motion for leave to amend is filed after the deadline set in the scheduling order.

3

See *Popoalii*, 512 F.3d at 497. First, Trofholz's motion was not filed outside of the deadline established by the Court. Although CapStone correctly points out that the initial Case Progression Order initially set January 3, 2025, as the deadline for the plaintiff to seek to amend pleadings (as provided by the parties' Rule 26(f) report), on August 14, 2025, the Court ordered that "[t]he deadline for Plaintiff to file a motion for leave to amend his complaint is September 4, 2025." (Filing No. 33). Based upon the discussions with counsel during telephone conferences with the Court regarding updates in the case and issues that arose during depositions, the Court implicitly found Trofholz had demonstrated good cause to extend the motion to amend pleadings deadline under Rule 16(b) based upon the developments in the case during discovery. Trofholz's instant motion for leave to amend was filed on the new September 4, 2025, deadline established by the Court during the telephone conference held on August 14, 2025. (Filing No. 33).

Nevertheless, to the extent CapStone preserved its objection to the timeliness of the instant motion under Rule 16(b), the Court reiterates that good cause exists for Trofholz's motion to amend under Rule 16(b), and further finds Trofholz did not unduly delay in moving to amend. "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth*, 949 F.3d at 1100. "Undue delay" is generally understood to occur "when a party waits until the eleventh hour of its case to file its motion to amend." *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-CV-4359 (JRT/LIB), 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020). "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)).

Trofholz commenced this action on September 23, 2024. (Filing No. 1). Once CapStone was served and filed an answer, the parties filed a joint Rule 26(f) Report on December 18, 2024. On the same date, the Court entered a Case Progression Order (Filing No. 16) establishing certain deadlines for the case in accordance with the parties' Rule 26(f) Report (Filing No. 15). The record establishes Trofholz diligently pursued written discovery and scheduling depositions within the deadlines set by the Court. Plaintiff's counsel received responses to his written discovery requests on March 27, 2025, and began attempting to schedule the depositions of Power and Carlson approximately two weeks later on April 18, 2025. (Filing No. 37-1 at pp. 1-2). Due to the deponents' schedules, the depositions were scheduled for May 28, 2025, which was still within the

4

May 30, 2025, deposition deadline set by the Court. During Carlson's deposition, a dispute arose that required a conference with this Court, particularly with respect to CapStone's counsel's instructions to Carlson not to answer certain questions about its relationship with Westin. (*See, e.g.,* Filing No. 40-3 at p. 30:17-37:13). Pursuant to the Court's direction, the deposition was reconvened on August 20, 2025, after the Court discussed the parameters of the reopened deposition. (Filing No. 37-1 at p. 2; Filing No. 40-1 at pp. 1-2; Filing No. 34).

It was during those timely scheduled depositions that Trofholz asserts he discovered the new facts supporting his motion for leave to amend. Specifically, Trofholz contends he learned that Westin was authorized to make decisions on behalf of CapStone, (Filing No. 40-2 at p. 41:20-42:9); Carlson was involved in CapStone in his capacity as chairman of Westin, (Filing No. 40-3 at p. 7:3-18; Filing No. 40-2 at p. 39:19-24, 40:18-22, 42:1-9); Purple Line, including Bill Dana and Scott Carlson, negotiated Trofholz's employment agreement and salary, (Filing No. 40-2 at p. 69:3-11, 70:13-21); McGrath North, Westin's legal counsel, drafted Trofholz's employment agreement, (Filing No. 40-2 at p. 44:18-21, 46:13-47:25); Carlson helped draft and negotiate Trofholz's Separation Agreement, (Filing No. 40-2 at p. 44:18-21, 46:12-47:25); CapStone does not have a formal board of directors, and instead Carlson and other investors sit on a management board, (Filing No. 40-2 at p. 22:8-15); the management board is synonymous with the investor group and CapStone's board and the investor group are interrelated, (Filing No. 40-2 at p. 71:1-10, 72:4-10); and Power admitted that CapStone never had enough revenue to pay severance benefits to Trofholz and CapStone did not have the money to comply with the terms of the separation agreement at the time of its signing, (Filing No. 40-2 at p. 85:20-23, 91:25-92:8, 92:14-19). This testimony supports Trofholz's motion for leave to amend based upon facts learned during diligently pursued discovery. And while CapStone claims that Trofholz must have known of the relationship between Westin and CapStone "[j]ust on the basis of Trofholz's role in the company . . .," (Filing No. 39 at p. 2), or that he "obviously knew that after he left the company pursuant to the Separation Agreement he was not paid," (Filing No. 39 at p. 17), CapStone did not present any evidence aside from speculation or otherwise demonstrate facts establishing Trofholz's prior knowledge supporting the proposed amendments. As Trofholz points out, CapStone did not take his deposition and "therefore cannot credibly assert what Trofholz did or did not know at the relevant time." (Filing No. 41 at p. 4).

Trofholz promptly moved to amend his pleadings merely two weeks after Carlson's reopened deposition on August 20, 2025, and on the amended September 4, 2024, deadline set by the Court. After review of the circumstances, and considering that leave should freely be given, the Court finds Trofholz acted diligently in pursuing the instant amendment. Therefore, CapStone's objections to the proposed amendment on the grounds of its timeliness under Rule 16(b) or Rule 15 are overruled.

## II.  Futility

CapStone next argues that Trofholz's motion to amend should be denied because the proposed amendments are futile. "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myon's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hillesheim*, 897 F.3d at 955 (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). This gives the opposing party "fair notice of the nature and basis or grands for a claim, and a general indication of the type of litigation involved." *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Just as when evaluating a motion to dismiss under Rule 12(b)(6), when evaluating futility of a proposed amendment the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6). Factual allegations that represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted). The court ordinarily does not consider matters outside the pleadings on a motion to dismiss, *see* Fed. R. Civ. P. 12(d), but the

6

court may "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 f.3d 495, 498 (8th Cir. 2010)). CapStone maintains that Plaintiff's proposed amended complaint does not make out a cause of action against Westin and that his fraudulent misrepresentation claim fails to state all the elements of the claim under the heightened pleading requirements for fraud.

    a.  *Claims against Westin, Inc.*

CapStone argues that Trofholz's proposed amended complaint does not state all the elements of "integrated enterprise" or "joint employer," and thus the claims against Westin are futile.[1] Nebraska is the forum state in which the events at issue occurred in this diversity action, and thus Nebraska law governs the plaintiff's claims. *See Baumann v. Zhukov*, 802 F.3d 950, 953 (8th Cir. 2015) ("The law of Nebraska, the forum state, governs this diversity action.") (citing *Heatherly v. Alexander*, 421 F.3d 638, 641 (8th Cir. 2005)). Under Nebraska law, courts use a four-factor test to determine whether two entities constitute a single employer: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *See Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 803 (Neb. 2002). A bare allegation that the two companies share interrelated operations, centralized control of labor relations, common management, and common ownership and/or financial control will not provide sufficient factual support for a "joint employer" claim. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) ("[Plaintiffs] failed to set forth any facts to support the legal conclusion that [Defendants] were their employer, instead providing only 'labels and conclusions' and 'a formulaic recitation of the elements.'") (quoting *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013)).

After review, the Court finds Trofholz's proposed amended complaint alleges sufficient facts to plausibly state a claim that Westin and CapStone were joint employers of Trofholz. Trofholz is not required to conclusively establish every factor in the "joint employer" analysis at

---

[1] Although neither party addresses this issue, the Court questions whether CapStone has standing to raise Rule 12(b)(6) arguments on behalf of Westin, a nonparty and purported separate entity from CapStone. *See, e.g.*, *Foster v. Cerro Gordo Cnty.*, 33 F. Supp. 3d 1052, 1056 (N.D. Iowa 2014) ("Neither plaintiff nor defendants address the issue of whether the current defendants have standing to argue that [the plaintiff's] claims against the proposed defendants are futile. Courts are divided on this issue."). Regardless, the Court finds CapStone's futility argument should be rejected on the merits.

the pleading stage. *See Twombly,* 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'") (citations omitted). Trofholz alleges more than mere bare allegations of the "joint employer" doctrine. Trofholz's proposed amended complaint contains specific factual allegations, including: Westin's president played a central role in Trofholz hiring, compensation negotiation, and separation negotiation, (Filing No. 35-1, ¶ 5, 7-8, 20); Westin provided funds in excess of its investment in CapStone to pay for CapStone's employee's expenses and/or assist in meeting its payroll, (Filing No. 35-1, ¶ 4); Westin provided marketing, financing without formalities, and loans to CapStone without observing formalities, (Filing No. 35-1, ¶ 18); and Westin's President acted on behalf of both companies, members of Westin's board overlapped with CapStone's informal board, and Westin, through Purple Line, has an ownership interest in CapStone, (Filing No. 35-1, ¶ 19, 21). These allegations, read together and taken as true, draw a reasonable inference that Westin and CapStone operated as an "integrated enterprise" or "joint employer" over Trofholz's employment due to their combined interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. *See e.g., Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."). Reviewing the proposed amended complaint as a whole, the Court finds Trofholz has pleaded facts sufficient to support a claim to add Westin as a joint employer, and thus the proposed amendment is not futile.

b. *Claims for Fraudulent Misrepresentation*

CapStone argues that Trofholz has not sufficiently plead the elements of fraudulent misrepresentation as required under the heightened pleading standard for fraud claims. Under Nebraska law, a fraudulent misrepresentation claim requires a plaintiff to prove the following elements:

> (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result.

8

*Brauer v. Hartmann*, 987 N.W.2d 604, 612 (Neb. 2023). "Claims grounded in fraud must meet the heightened pleading requirement in Rule 9(b): 'In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions may be alleged generally.'" *Collins v. Metropolitan Life Ins. Co.*, 117 F.4th 1010, 1017 (8th Cir. 2024) (quoting Fed. R. Civ. P. 9(b)). The complaint must allege the who, what, when, where, and how of the alleged fraud. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). "This particularity requirement demands a higher degree of notice than that required for other claims." *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916 (8th Cir. 2014) (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)).

The Court finds that Trofholz's proposed amended complaint has met the heightened pleading standard for alleging a claim for fraud. Trofholz has alleged the who, what, when, where, and how of his false representation claim. Trofholz alleges the who of his claim: CapStone and/or Westin through Scott Carlson made the representation. (Filing No. 35-1, ¶¶ 8, 37). Trofholz sufficiently alleges contents of the representation of his claim: the false representations and omissions regarding CapStone's intent and ability to pay Trofholz's severance and bonus compensation. (Filing No. 35-1, ¶¶ 8-9, 37-39). Trofholz sufficiently alleges when and where the basis of his claim occurred: during the negotiations of Trofholz's separation agreement in or around December 31, 2023. (Filing No. 35-1, ¶¶ 7-8). Finally, Trofholz sufficiently alleges the how: inducing Trofholz to waive earned compensation in exchange for a severance CapStone and Westin had no intention of paying. (Filing No 35-1, ¶¶ 7-9, 27, 37-40). These are not mere conclusory allegations that CapStone's conduct was fraudulent and deceptive, but rather Trofholz's proposed amendments plead "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak*, 561 F.3d at 783 (quoting *Schaller*, 298 F.3d at 746). Since Trofholz has set forth the nature of the alleged falsehood, the identity of the individuals involved, and the context in which the misrepresentation had occurred, the heightened Rule 9(b) standard is satisfied. *See Ambassador Press, Inc. v. Durst Image Tech. U.S., L.L.C.*, 949 F.3d 417, 421 (8th Cir. 2020).

In sum, the Court finds Trofholz acted diligently in pursuing the proposed amendment, and the proposed amended pleading is not futile. Therefore, the Court finds that Trofholz should be granted leave to file the proposed amended complaint. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File First Amended Complaint ([Filing No. 35](#)) is granted;
    a. If Defendant does not file an objection to this Order on or before **November 4, 2025,** Plaintiff shall file the proposed amended pleading on **November 5, 2025**;
    b. If Defendant does file a timely objection, Plaintiff shall wait to file the amended pleading until after the Court's resolution of the objection.

Dated this 21st day of October, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge